

**IT IS ORDERED as set forth below:**

**Date: January 24, 2019**

_Paul Baisier_

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NUMBER: |
| **JOSEPH BENJAMIN TAPLIN**, | **18-66451-PMB** |
| Debtor. | CHAPTER 13 |

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR BROUGHAM FUND TRUST**, | |
| Movant, | CONTESTED MATTER |
| v. | |
| **JOSEPH BENJAMIN TAPLIN, Debtor BERNADETTE TAPLIN, Co-Debtor, MELISSA J. DAVEY, Trustee,** | |
| Respondents. | |

## ORDER DENYING MOTION FOR STAY PENDING
## APPEAL OR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER

On January 18, 2019, the Debtor referenced above (the "Debtor") filed with the Court his *Motion for Stay Pending Appeal or Alternatively for Preliminary Injunction/Temporary Restraining Order* (the "Motion")(Docket No. 54).   In the Motion, the Debtor asks this Court to grant a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007 regarding this Court's *Order Granting In Rem Relief From the Automatic Stay, Relief from the Co-Debtor Stay, and Prospective Relief from the Co-Debtor Stay*, entered on December 20, 2018 (the "Stay Relief Order")(Docket No. 33)[1], or to enjoin Movant from taking any action to foreclose on the Property pending his appeal of the Stay Relief Order.[2]

Under Federal Rule of Bankruptcy Procedure 8007(a), a party seeking a stay of a judgment or order issued by a bankruptcy court pending appeal must first present such request to the bankruptcy court.   The determination of whether or not to grant such a stay "lies within the sound discretion of the court."   *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (Bankr. S.D. N.Y. 2016)(citations omitted).   In deciding whether a discretionary stay should be granted, courts analyze the following factors: "(1) the likelihood that the movant will prevail on the merits of appeal; (2) whether, absent a stay, the movant will suffer irreparable damage; (3) whether the adverse party will suffer no substantial harm from the issuance of the stay; and (4) whether the public interest will be served, rather than disserved, by issuing the stay."   *In re Webb*, 2017 WL 5125538, at *1 (Bankr. N.D. Ga. Nov. 3, 2017), citing *In re Arnal*, 2003 Bankr. LEXIS 2258, 2003 WL 22709326, at *1 (Bankr. S.D. Ga. July 30, 2003) (citing *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

---

[1] The Debtor appealed the Stay Relief Order by filing *Debtor's Notice of Appeal*, which was filed with this Court on January 2, 2019 (Docket No. 42).

[2] Terms with initial capital letters used in this Order but not defined herein are used as defined in the Stay Relief Order.

The likelihood of success on appeal typically carries the most weight in deciding whether a stay should be granted pending appeal. *Id.; but see Sabine Oil, supra*, 551 B.R. at 143 (showing of "probable irreparable harm" must be demonstrated first and such harm must be "actual and imminent"). The party seeking relief must show a probable likelihood of success on the merits of the appeal. *Webb, supra*, 2017 WL 5125538, at *1. But, a lesser showing may be sufficient as when a "'balancing of the equities' (factors two through four) weighs heavily in favor of granting the stay," and in that situation, "the movant need only show a substantial case on the merits." *Id*.

The Debtor does not have even a substantial case on the merits. The uncontradicted evidence presented at the December 18, 2018 evidentiary hearing that resulted in the Stay Relief Order (the "Hearing") showed that (i) there is a recorded security deed on the Property that has not been released or satisfied and that Movant holds the debt secured thereby, making it a secured creditor of the Debtor, (ii) title to the Property had been transferred numerous times without the consent of the Movant or court approval since the recording of the security deed, and (iii) the Debtor himself had filed not less than six (6) bankruptcy case since 2014 and that another six (6) cases were filed in that time frame by a debtor claiming an interest in the Property.[3] The record in the aforementioned bankruptcy cases shows that almost no effort was made to prosecute those cases, indicating that they were not filed in good faith with the intention of reorganizing the debtor's obligations, but that they were filed only to stop a related foreclosure and hinder and delay collection efforts by Movant. Based on those facts, there was clearly a scheme to delay and hinder Movant's efforts to exercise its rights under the relevant loan documents involving the filing of multiple bankruptcy cases and transfers of title to the Property, such that relief under 11 U.S.C.

---

[3] The Debtor bears the burden of proof as to all matters other than equity in the Property, which was not an issue here. *See* 11 U.S.C. § 362(g).

§ 362(d)(4) was clearly appropriate.   Based on the foregoing, the Debtor has not demonstrated a likelihood of success on the merits, or even a substantial case on the merits.   As a result, the Court need not address the other factors, regardless of which test described above is applied.[4]

As to the request for a preliminary injunction or temporary restraining order, that relief is not properly sought by motion, but must be sought by the filing of an adversary proceeding.  *See* Federal Rule of Bankruptcy Procedure 7001(7).   Further, it is not clear that this Court would have jurisdiction over such a request, given that this case has been dismissed (*see* Docket No. 34). Finally, even if the request were procedurally proper, the factors the Court would consider with regard to such relief would be substantially similar to those already analyzed and found wanting regarding a stay pending appeal.

Based upon all of the foregoing, the Motion is hereby **DENIED**.

The Clerk is directed to serve copies of this Order upon the Debtor, the Movant, counsel for the Movant, the Chapter 13 Trustee, the United States Trustee, and any other parties served with the Motion.

**[END OF DOCUMENT]**

---

[4] To the extent the other factors need to be addressed, a stay of the Stay Relief Order pending appeal in this case would not prevent a foreclosure or any related harm to the Debtor.   The automatic stay has terminated as to the Debtor's real property because the Debtor's case has been dismissed, *see* Docket No. 34; 11 U.S.C. §§ 349(b)(3) and 362(c), such that there is no automatic stay to protect the Property even if the Stay Relief Order was stayed pending appeal. Conversely, Movant would be harmed by the continued delay in the exercise of its rights with regard to the Property. The public interest would not be implicated by the grant or denial of the requested stay.   Consequently, these factors do not support a stay of the Stay Relief Order even if there were some merit to the appeal.